IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Continental Casualty Company, | C/A No. 3:09-1004-JFA |
| Plaintiff, | |
| v. | |
| | ORDER DENYING MOTION |
| James R. Jones, II; Carolina Jones aka Carol Jones; Elizabeth Leitner; Jones Leitner & Co.; Jones and Leitner, CPAs, P.A.; Jones Leitner, Inc.; Jones, Reeves & Co.; Eric E. Youngblood, Trustee of the D.C. Sheppard Trust; Dana C. Sheppard, individually and as Natural Guardian for S. S., a Minor; Joseph E. Chambers; David S. Johnson; Catherine Johnson; and W. Shell Suber, Jr., | FOR PARTIAL JUDGMENT ON THE PLEADINGS |
| Defendants. | |

The plaintiff, Continental Casualty Company, has moved for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with regard to the 13th and 16th Affirmative Defenses and Second Counterclaim in the Amended Answer and Counterclaim of the group of defendants that have collectively been referred to in this litigation as the "Leitner Defendants." At issue is the question of whether the "Innocent Insured Provision" of the Accountants Professional Liability Policies involved in this case override other terms and conditions of the policies. Specifically, the Leitner Defendants argue that, pursuant to the Innocent Insured Provision, when any insured acts dishonestly, "innocent insureds" are entitled to coverage regardless of the grounds on which coverage otherwise would be

1

unavailable.

It is the position of Continental that the Innocent Insured Provision provides protection for innocent insureds only where the Dishonesty Exclusion of the policy otherwise would bar coverage. Continental argues that the Innocent Insured Provision does not apply to the Prior Knowledge Provision of the policy or to any other term and condition of the policy that might limit or bar coverage for any particular claim.

The court has carefully reviewed the memoranda submitted by all parties and has determined that oral argument would not aid in the decisional process. While Continental may be correct in suggesting that the issue presenting in its motion raises a pure question of law, the court notes that discovery is expected to expire in this case on July 15, 2010. Therefore, the court has concluded that the issue presented in Continental's motion for partial summary judgment would be better considered in the context of a summary judgment motion addressing all of the issues in this case. Accordingly, the court will deny the motion without prejudice and with the understanding that the "innocent insureds" issue will be raised again by way of a summary judgment motion on all issues following the conclusion of discovery.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

June 16, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge