IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Continental Casualty Company, | ) | |
| | ) | C/A No.: 3:09-cv-1004-JFA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| James R. Jones, II; Carolina Jones a/k/a | ) | |
| Carole Jones; Elizabeth Leitner; Jones | ) | |
| Leitner & Co.; Jones and Leitner, CPAs | ) | |
| PA; Jones Leitner, Inc.; Jones Reeves | ) | |
| and Co.; Eric E. Youngblood, Trustee | ) | |
| of the DC Sheppard Trust; Dana C. | ) | |
| Sheppard, individually and as natural | ) | |
| guardian for SS, a minor; David S. | ) | |
| Johnson; Catherine Johnson; W. Shell | ) | |
| Suber, Jr., | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court pursuant to this court's order of December 13, 2011 (ECF No. 213), which granted the defendants' motions to reconsider. The court reopened the case and reconsidered its earlier order (September 2, 2011, ECF No. 201) that granted summary judgment in favor of Continental Casualty. The court reopened the case because it determined that several factual issues remained contested and should have precluded the grant of summary judgment in the first instance. At a status conference held on January 23, 2012, the Leitner defendants informed the court that they had reached a settlement agreement with Continental Casualty. The Youngblood defendants remained active in the case, and the court invited oral argument on some of the claims raised by the Youngblood defendants on February 8, 2012. For the reasons set forth

1

below, the court hereby renews and amends its order granting summary judgment in favor of the Continental Casualty and hereby grants summary judgment in favor of Continental Casualty against the Youngblood defendants.

## I.   FACTUAL AND PROCEDURAL HISTORY

This action is a coverage dispute involving claims made under professional liability policies against James R. Jones II and Elizabeth Leitner, partners in the Jones, Leitner & Co. accounting firm.  In March 2006, Jones began misappropriating large amounts of money from his clients' accounts.  These claims eventually resulted in a number of lawsuits against the firm.  Continental Casualty provided the insurance coverage for the firm under several different policies.  The first policy covered the period of January 12, 2007 to January 12, 2008.  Leitner, without knowledge of Jones' activities, submitted a renewal application in November 2007.

At that time, Leitner contacted her insurance agent to inform her that former client were filing claims against the firm.  Leitner was advised that she could renew the policy and purchase a tail policy.  She also purchased a policy for her individual accounting practice.  Leitner purchased the tail policy in January 2009 after the expiration of the renewal policy.  Internal communications between Continental Casualty's employees and agents during this time indicate some uncertainty regarding coverage for the claims at issue.  (*See* Youngblood Def.s' Mot. Sum. J., Ex. Y, ECF No. 150-26; Ex. GG, ECF No. 150-34).  The communications revolve around Leitner's renewal of the policy following the discovery of Jones' actions.  (*See* Youngblood Def.s' Mot. Sum. J., Ex. R, ECF No. 150-19; Ex. V, ECF No. 150-23).

Continental Casualty filed this action seeking a declaratory judgment as to coverage under the policies. This court stayed the action pending the outcome of a Fourth Circuit case addressing the coverage question at issue in this case. *See Bryan Brothers Inc. v. Cont'l Cas. Co.*, 660 F.3d 827 (4th Cir. 2011). The Fourth Circuit held that the prior knowledge provision was a condition precedent to coverage.[1] Further, the court held that the "innocent insured provision" was an exception to the bad acts exclusion. Therefore, in that case, the fact that one employee knew of the thefts prevented Bryan Brothers from recovering under the policy because it failed to meet the condition precedent. In accord with *Bryan Brothers*, this court held that Leitner was barred from recovering under the Accountants Policy by the prior knowledge of Jones, who had committed the acts in question. (*See* Sept. 2, 2011, Order, ECF No. 201.) The court also held that Continental Casualty there was no coverage under the 2008–2009 renewal policy and tail policy for the claims at issue. The prior knowledge provision still applied because the court found that the claims were "'interrelated' as that term is broadly defined in the Accountants Policy because they all arose out of Jones's scheme to defraud his clients of money and to cover his tracks." (*Id.* at 13 (footnote omitted)).

The Youngblood defendants (ECF No. 204) and the Leitner defendants (ECF No. 205) subsequently asked this court to reconsider its order granting summary judgment for Continental Casualty. The court granted those motions, modified it earlier order granting summary judgment in Plaintiff's favor, and reopened the case. The court was concerned

---

[1] This provision states that, prior to the inception of the policy, "no insured has knowledge that an act was reasonably likely to be the basis for a claim against the insured's firm."

that it hastily granted summary judgment despite the existence of contested factual issues not present in *Bryan Brothers*. The court determined that a factual issue that remained contested was whether the later claims were interrelated to the earlier claims such that the prior knowledge provision applied to defeat those claims as well.

After granting the motions to reconsider, the court was informed the Leitner defendants reached a settlement agreement with Plaintiff. The Youngblood defendants remained active in the case and renewed several arguments regarding why summary judgment should not have been granted in favor of the Plaintiff. The Youngblood defendants argue that waiver and estoppel apply to their claims such that the prior knowledge provision cannot be enforced. The court notes that its prior order granting summary judgment in favor of Continental did not address the Youngblood defendants' arguments regarding waiver and estoppel.[2]

While not clear from its order granting the motions to reconsider (ECF No. 213), the court hereby clarifies that order and deems the waiver and estoppel arguments as issues to be reconsidered. Accordingly, the court will now address those arguments in a summary judgment posture.

## II.    LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[2] The Youngblood defendants also assert an argument based on negligent supervision, but the court finds that the argument is not properly before the court and finds in favor of Continental Casualty on that ground.

4

The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.    DISCUSSION

Initially, the court notes that the factual issue of whether the various claims asserted against Jones & Leitner are interrelated remains unresolved.  This issue, however, does not implicate the Youngblood defendants.  The Youngblood defendants' claims arise from the Sheppard Action against James Jones.  James Jones began misappropriating the Sheppard's funds in 2006.  Thus, when the policy covering the firm for that year incepted in 2007, Jones possessed the fatal prior knowledge.  In other words, he knew at the time that the policy was issued that his actions might reasonably be expected to be the basis of claims against the Accounting firm, and by virtue of the prior knowledge provision, the policy provided no coverage for those claims.  As a result, the

5

Youngblood defendants' position aligns with the facts of *Bryan Brothers*, and the Sheppard claims directly satisfy the prior knowledge condition precedent. The remaining issue is whether the later claims—the Johnson and Suber claims—are interrelated with the Sheppard claims such that those claims would also be barred.

The Youngblood defendants also attempt to distinguish their case from the *Bryan Brothers* case on the theory that waiver and estoppel apply to their claims and dictate that this court should find coverage. At the oral argument on these issues, the parties conceded that estoppel did not apply to the Youngblood claims because there had been no reliance.[3] Rather, the arguments centered on whether the actions of Continental Casualty and its agents had waived the prior knowledge provision.

A waiver constitutes "a voluntary and intentional abandonment or relinquishment of a known right." *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 344, 415 S.E.2d 384, 387 (1992). "Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended." *Id.*, 415 S.E.2d at 387—88. The Youngblood defendants rely on various S.C. cases that have found that an insurance company's actions constituted a waiver of provision. *See, e.g.*, *S.C. Farm Bureau Mut. Ins. Co. v. Mayer*, 314 S.C. 102, 441 S.E.2d 824 (1994); *Palmer v. Sovereign Camp, W.O.W.*, 197 S.C. 379, 15 S.E.2d 655 (1941);

---

[3] "The essential elements of estoppel as set out in the South Carolina decisions are: '(1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance.'" *Preferred Risk Mut. Ins. Co. v. Thomas*, 372 F.2d 227, 230 (4th Cir. 1967) (quoting *Pitts v. New York Life Ins. Co.*, 247 S.C. 545, 552, 148 S.E.2d 369, 371 (1966)).

*Fender v. N.Y. Life Ins. Co.*, 158 S.C. 331, 155 S.E. 577 (1930). On the other hand, Plaintiff notes that courts have generally held that waiver and estoppel cannot expand insurance coverage. *See, e.g.*, *Campbell, Inc. v. N. Ins. Co. of N.Y.*, 337 F. Supp. 2d 764, 769 (D.S.C. 2004).

In this case, however, the actions that the Youngblood defendants cite in support of their argument do not align with the policy under which they make their claim. Defendant argues that the actions of Plaintiff's agents—employees of Continental Casualty's underwriter AON and BB&T—constitute the abandonment of a known right. These actions—internal conversations, memos, and emails—occurred in 2008, and they primarily concerned the decision to renew and issue the 2008 policy. The Youngblood defendants, however, made their claim in December 2007. Accordingly, their claim falls under the policy that covering January 2007 through January 2008. Thus, the allegations, even if true, would have no bearing on the 2007 policy. In other words, coverage under the 2007 policy was fixed at the time that the Youngblood defendants made their claim under that policy. The Youngblood defendants have not indicated any actions that would alter the extent of coverage under the 2007 policy.

Accordingly, the court finds that waiver does not apply to the Youngblood defendants' claims. The actions cited by the defendants did not alter coverage under the 2007 policy, and the Youngblood claims fell under that policy. Because the prior knowledge condition precedent was still applicable, Jones' actions satisfied that clause and barred coverage for the Youngblood Defendants. Moreover, as noted above, the

Youngblood claims do not implicate the interrelated claims issue. As a result, the court finds as a matter of law that there is no coverage for the Youngblood defendants' claims.

## IV. CONCLUSION

For the reasons outlined above, the court grants summary judgment in favor of Continental Casualty against the Youngblood defendants.

Because the Leitner defendants include both the Johnson and Suber claimants, the disputed factual issue remains regarding whether those claims are interrelated to the earlier Youngblood claims. Those parties, however, have informed the court that they have reached a settlement. The court has not received official notice of that settlement such that it may remove the case from its calendar, and the case is currently set for trial during the May/June term with Jury Selection set for 9:30 a.m. on Tuesday, May 8.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 17, 2012                          Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge